**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAREN COVINGTON, | Civil Action No. 17-5145 (PGS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| CHRIS CANERRO, et al., | |
| Defendants. | |

**SHERIDAN, District Judge:**

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Daren Covington pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated by Defendants. The Court previously granted Plaintiff *in forma pauperis* status. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The claims asserted in the Complaint appear to arise out of an incident that occurred on April 14, 2017, during which Plaintiff was assaulted by two other inmates, Chris Canerro and Brian Weaver, both of whom are named defendants. Plaintiff further alleges that named prison officials failed to ensure his safety by housing gang members, whom Canerro and Weaver presumed to be, and non-gang inmates together. The Court finds that the Complaint fails to state a claim upon which relief may be granted.

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

1

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

First, the Court dismisses all federal claims against Canerro and Weaver, for the simple reason that they were not persons acting under the color of state law—they were merely inmates. *See Bierley v. Abate*, 661 F. App'x 208, 209 n.3 (3d Cir. 2016) (private individuals are generally not state actors). To the extent Plaintiff believes that he may have state law tort claims against them, he should assert such claims in state court. *See infra*.

Regarding Plaintiff's claims against prison officials, the Court construes the Complaint as raising an Eighth Amendment failure to protect claim against them. To state a failure to protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), and that prison officials knew of and disregarded the excessive risk to inmate safety. *Id.* at 837. "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985). "Whether . . . prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that . . . prison official[s] knew of a

substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm. *Farmer*, 511 U.S. at 834.

Here, the only factual allegation regarding the prison officials' conduct is that they violated Plaintiff's constitutional rights by housing him with gang members. That is far from establishing the culpability required for a failure to protect claim. To the extent Plaintiff argues that the policy of housing gang and non-gang members together created a substantial risk of harm, Plaintiff does not allege that the named prison officials are personally responsible for the promulgation of said policy—indeed, the only reason they are named as defendants, according to Plaintiff, was because they were on duty at the time of the assault. Regardless, courts in this district have repeatedly held a bare assertion that gang and non-gang members have been housed together, without more, is insufficient to state a failure to protect claim. *See Poole v. Mercer Cty. Corr. Ctr.*, No. 11-3730, 2014 WL 4757657, at *3 (D.N.J. Sept. 24, 2014); *Bannon v. Ellis*, No. 08-5998, 2010 WL 624869, at *2 (D.N.J. Feb. 22, 2010); *Penianah v. Ocean Cty. Dep't of Corr.*, No. 09-0728, 2009 WL 3261946, at *7 (D.N.J. Oct. 7, 2009); *see also Richardson v. O'Sullivan*, 99 F.3d 1142 (7th Cir. 1996) (bald assertion of failure to protect from gang members does not state a claim for a constitutional violation). As such, all federal claims against the prison officials are dismissed. In the interest of justice, the dismissal of such claims are without prejudice, and the Court will afford Plaintiff a chance to amend the Complaint.

To the extent the Complaint asserts state law tort claims, the Court declines supplemental jurisdiction over them because all federal claims have been dismissed. *See City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) ("[I]f it

appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist.").

Date: 9/6/17

_____
**Peter G. Sheridan**
**United States District Judge**